# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JERRY JENKINS AND<br>ANGELA JENKINS | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | COMPLAINT |
| FOWLER TRANSPORTATION, LTD. | ) <br> ) | DEMAND FOR JURY TRIAL |
| Defendant. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Jerry Jenkins and Angela Jenkins, bring this Complaint against Defendant, Fowler Transportation, Ltd., for damages and injuries sustained as a result of the wrongful conduct of Defendant as set forth herein and for cause of action would respectfully show the Court the following:

### PARTIES

1. Plaintiffs are citizens and residents of the State of Louisiana.

2. Defendant Fowler Transportation, Ltd. is and was, at all times relevant to this Complaint, a domestic limited partnership organized and existing under the laws of the State of Texas, with an office and principal place of business located at 2615 East End Blvd. South, Marshall, Texas 75672, Harrison County, with its agent for service of legal process listed as Allen Staggers, Jr.

## JURISDICTION AND VENUE

3. Jurisdiction is based on diversity of citizenship of the parties, and an amount in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. §1332.

4. Venue is proper in the Marshall Division for the Eastern District of Texas pursuant to 28 U.S.C. §1391 because the Defendant has its principal place of business and corporate headquarters in Marshall, Harrison County, Texas. Marshall, Texas is the place where the Defendant's high level officers direct, control and coordinate the corporation's activities.

## STATEMENT OF FACTS

5. On May 19, 2013, Jerry Jenkins was employed as a tool pusher by Big E Drilling Company. During the incident in question, Big E Drilling Company was involved in the dismantling of an oil rig. Defendant Fowler Transportation, Ltd. was the rig moving company and was also involved in the dismantling process.

6. At approximately 8:00 am on May 19, 2013, Jerry Jenkins was walking across the rig location when he was struck from behind by a forklift being driven by an employee of Defendant Fowler Transportation, Ltd. The forklift was moving a large stair pedestal that weighed several thousand pounds.

7. After being hit from behind and knocked off his feet, Jerry Jenkins was pushed forward on the ground by the front of the pedestal. When the Fowler Transportation, Ltd. forklift driver finally realized that there was a worker in front of and now underneath the load on his forklift, he slammed on the brakes. This, in turn, caused the pedestal to slide forward and off of the forks of the forklift and on top of Jerry Jenkins. The Fowler Transportation, Ltd. forklift driver, seeing that he had lost his load and the worker was now helplessly pinned underneath it, used the forklift to lift the pedestal off of and away from Jerry Jenkins.

8. Plaintiff Jerry Jenkins remained on the ground, conscious, unable to move and in excruciating pain for over an hour until the medical helicopter finally arrived and air lifted him to a hospital.

9. Plaintiff Jerry Jenkins sustained numerous life-altering injuries including breaks to his right femur and pelvis in multiple locations, lower back pain, several broken ribs, numerous internal injuries resulting in urological problems and erectile dysfunction, and his right hand was broken and much of the skin on that hand was ripped off exposing the underlying bones.

10. Plaintiff, Angela Jenkins, in her capacity as the spouse of Jerry Jenkins, suffered a loss of consortium services and society of her husband, Jerry Jenkins;

11. Defendant Fowler Transportation, Ltd. and its forklift driver failed to maintain a proper lookout and failed to operate the forklift in a safe manner.

12. The negligence of Fowler Transportation, Ltd. and its forklift driver caused the load to fall off and crush Jerry Jenkins, causing Mr. Jenkins to sustain severe and permanent injuries.

## CAUSE OF ACTION – NEGLIGENCE

13. Defendant Fowler Transportation, Ltd.'s agents, servants and employees were negligent in the driving and operation of the forklift in question.

14. Defendant Fowler Transportation, Ltd. failed to properly supervise the subject forklift driver.

15. Defendant Fowler Transportation, Ltd. failed to properly train the subject forklift driver.

16. Defendant Fowler Transportation, Ltd.'s agents, servants and employees failed to be aware of pedestrians walking ahead of the moving forklift in the roadway.

17. Defendant Fowler Transportation, Ltd.'s agents, servants and employees failed to yield to pedestrians that have the right-of way in the roadway who were walking ahead of the moving forklift.

18. Defendant Fowler Transportation, Ltd.'s agents, servants and employees failed to keep a clear view in order to avoid pedestrians or other obstacles in the path of the moving forklift.

19. Defendant Fowler Transportation, Ltd.'s agents, servants and employees failed to use a spotter when the forklift driver's visibility was obviously impaired or obstructed.

20. Defendant Fowler Transportation, Ltd.'s agents, servants and employees failed to drive the forklift in reverse when the load was obviously blocking or obstructing the forklift driver's view.

21. As a proximate result of this incident, Plaintiff Jerry Jenkins sustained serious and permanent injuries and damages.

22. Defendant Fowler Transportation, Ltd.'s agents, servants and employees, acting within the scope of their employment, were negligent. Defendant Fowler Transportation, Ltd. was negligent.

23. Defendant Fowler Transportation, Ltd. is vicariously liable for the acts and/or omissions of its employees, agents and representatives.

24. Defendant Fowler Transportation, Ltd.'s negligence was a proximate cause of Plaintiff's serious and permanent injuries.

## **DAMAGES**

25. As a proximate result of Defendant's negligence, Plaintiff, Jerry Jenkins has sustained permanent injuries and damages in amounts within the jurisdictional limits of this Court and is entitled to recover damages from the defendants as follows:

    a)    Past, present, and future physical pain and suffering;

    b)    Past, present, and future disability;

    c)    Past, present, and future mental anguish and emotional distress;

    d)    Past, present and future loss of enjoyment of life;

    e)    Past, present, and future lost wages, loss of economic opportunity, and loss of earning capacity;

    f)    Past, present, and future medical expenses;

    g)    Past, present, and future rehabilitation expenses; and

    h)    Scarring and disfigurement.

26) As a proximate result of defendant's negligence, plaintiff, Angela Jenkins, has suffered a loss of consortium, services and society of her husband, Jerry Jenkins, as well as past and future medical expenses and is entitled to recover all damages caused to her as a result of the subject accident and the resulting injuries to her husband.

### **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Jerry Jenkins and Angela Jenkins respectfully pray that they be permitted recovery for the damages as set forth against Defendant, together with such pre-judgment and post-judgment interest as allowed by law, for costs herein, and for such other relief, whether in law or equity, to which they may be entitled.

### **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury as to all issues of fact presented herein.

Respectfully submitted,

/s/ Michael K. Cox
Texas State Bar No. 24033983
Louisiana State Bar No. 22026
Cox, Cox, Filo, Camel & Wilson
723 Broad Street
Lake Charles, La. 70601
(337) 436-6611 – Telephone
(337) 436-9541 – Facsimile
Email: mike.cox@coxcoxfilo.com
Lead counsel for Plaintiffs

and

TODD G. RIFF
State Bar No. 16915870
Riff & Associates, PC
11 Greenway Plaza, Suite 2800
Houston, Texas 77046
(713) 237-1100 Telephone
(713) 237-0278 Facsimile
Email: triff@rifflawfirm.com
Co-counsel for Plaintiffs